IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEVEN L. ADAMS,

        Plaintiff,

3:12-00558-AA

v.

COLUMBIA COUNTY,
et al.,

        Defendants.

ORDER

AIKEN, District Judge.

    Plaintiff's Application to Proceed in forma pauperis (#4) is allowed subject to further review of the court. As previously explained to plaintiff, a filing fee of $350 will be assessed if he chooses to proceed by filing an amended complaint.

    There is no constitutional right to counsel in a civil case. <u>United States v. 30.64 Acres of Land</u>, 795 F.2d 796, 801 (9th Cir. 1986). Pursuant to 28 U.S.C. § 1915(d), this court has discretion

1 - ORDER

to request volunteer counsel for indigent plaintiffs in exceptional circumstances, but the court has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood v. Housewright, 900 1332, 1335-36 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn, 789 F.2d at 1331; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff has demonstrated sufficient ability to articulate his claims. The facts and legal issues involved in this case are not of substantial complexity. I find that at this stage of the proceeding, there are no exceptional circumstances that require a request for volunteer of counsel under § 1915(d).

Based on the foregoing, plaintiff's motion for appointment of counsel (#3) is denied.

In a letter to the court dated March 3, 2012, plaintiff advised the court that his initial pleading was not intended as

2 - ORDER

a complaint, but rather a "Notice of Complaint" and that he intends to file a complaint after receiving approval to proceed in forma pauperis and allowing or denying counsel. Plaintiff is allowed 30 days from the date of this order to file a complaint consistent with the terms of the court's previous order explaining the federal pleading standards. Plaintiff is advised that failure to file an amended complaint within 30 days will result in the dismissal of this proceeding for failure to prosecute.

Plaintiff's Motion for preliminary injunction (#2) is denied without prejudice to request reconsideration after an amended complaint has been filed.

IT IS SO ORDERED.
DATED this 3RD day of April, 2012.

Ann Aiken
United States District Judge

3 - ORDER